UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
EUGENE SHERROD,

                 Plaintiff,

                                         ORDER
      -against-                    20-CV-3312(JS)(SIL)

JOHN DOE #1, HIGHWAY PATROL OFFICER
SUFFOLK COUNTY HIGHWAY PATROL;
JOHN DOE #2, DETECTIVE SUFFOLK
COUNTY BAY SHORE 3RD PRECINCT;
JOHN DOE #3, DETECTIVE SUFFOLK
COUNTY BAY SHORE 3RD PRECINCT;
JANE DOE #1, NURSE, RIVERHEAD
CORRECTIONAL FACILITY,

                 Defendants.
-------------------------------------X
APPEARANCES
For Plaintiff:      Eugene Sherrod, pro se
                  2019-005705
                  Nassau County Correctional Center
                  100 Carman Avenue
                  East Meadow, New York 11554

For Defendants:     No appearances.

SEYBERT, District Judge:

        Before the Court is the application filed by incarcerated pro se plaintiff Eugene Sherrod ("Plaintiff") to proceed in forma pauperis. Upon review, the Court finds that Plaintiff is qualified, by his financial status, to commence this action without prepayment of the filing fees. According, Plaintiff's application to proceed in forma pauperis is GRANTED. However, given the national emergency caused by the COVID-19 pandemic, service by the United States Marshal Service ("USMS") is

suspended.  (See Admin. Order 2020-19-1.)

Once such service resumes, the USMS will not be able to effect service of the Summonses and the Complaint on the Defendants without more information.  The Second Circuit has held that district courts must provide pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants.  See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997).  Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney.  The Suffolk County Attorney is requested to attempt to ascertain the full names of the unidentified Defendants, who are alleged to be employed by the Suffolk County Police Department or the Suffolk County Sheriff's Department and to have interacted with Plaintiff on or about August 14, 2109 as described in the Complaint.  The Suffolk County Attorney shall provide the Court and Plaintiff with the names and addresses where these individuals can be served within thirty (30) days of the date that this Order is served upon it.

Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full names of the Defendants, Summonses shall be issued as to the Defendants, and the USMS shall serve them once such service resumes in this District.  The Suffolk County Attorney need not undertake to defend or indemnify these

individuals at this juncture.  This Order merely provides a means by which Plaintiff may properly name and serve the Defendants as instructed by the Second Circuit in <u>Valentin</u>.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Order to the <u>pro</u> <u>se</u> Plaintiff.

SO ORDERED.


/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:    October  5 , 2020
          Central Islip, New York

3