```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
EUGENE SHERROD,

                Plaintiff,               ADOPTION ORDER
                                         20-CV-3312(JS)(SIL)
      -against-

POLICE OFFICER THOMAS MUTARELLI,
DETECTIVE    MICHAEL    TENETY,
REGISTERED NURSE NANCY WINIARSKI,
and JOHN DOE #3,

                Defendants.
---------------------------------X
APPEARANCES
For Plaintiff:      Eugene Sherrod, pro se
                    21A0540
                    Clinton Correctional Facility
                    P.O. Box 2000
                    Dannemora, New York 12929

For Defendants:     Callan Wright Tauster, Esq.
                    Nassau County Attorney's Office
                    1 West Street
                    Mineola, New York 11501

                    Susan A. Flynn, Esq.
                    Suffolk County Attorney's Office
                    H. Lee Dennison Building
                    100 Veterans Memorial Highway
                    Hauppauge, New York 11788
```

SEYBERT, District Judge:

Pro se plaintiff Eugene Sherrod ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983, alleging claims for deliberate indifference to serious medical needs on the night of his August 14, 2019 arrest. (See generally Compl., ECF No. 1.) Police Officer Thomas Mutarelli ("Mutarelli"), Detective Michael Tenety ("Tenety"), and Registered Nurse Nancy Winiarski

("Winiarski," collectively, "Defendants") moved for summary judgment. (See Def. Mot., ECF No. 44.) Plaintiff opposed Defendants' motion and cross-moved for leave to amend the Complaint. (See Pl. Cross-Mot., ECF No. 47.) On October 31, 2022, the Court referred the parties' motions to the Honorable Steven I. Locke for a Report and Recommendation ("R&R").

On February 1, 2023, Judge Locke issued his R&R, recommending the Court grant Defendants' motion in its entirety, dismiss the Complaint with prejudice, and deny Plaintiff's cross-motion to amend. (See R&R, ECF No. 54, at 8, 27.) Defendants served a copy of the R&R upon Plaintiff that same day via certified mail. (Cert. of Service, ECF No. 56.)

On March 13, 2023, after the time to object to the R&R expired and no objections to the R&R were filed, the Court adopted the R&R in its entirety, granted Defendants' motion, denied Plaintiff's cross-motion, dismissed the Complaint with prejudice, and closed this case. (Adoption Order, ECF No. 59.)

Several days later, on March 17, 2023, Plaintiff filed a request for an extension of time to object to the R&R. (Ext. Mot., ECF No. 61.) This untimely request was filed nearly one month after the deadline to object to the R&R expired and after the Court adopted the R&R in its entirety. Notwithstanding, the Court afforded Plaintiff, who is proceeding pro se, one final

2

opportunity to object to the R&R and vacated the Adoption Order. (Mar. 21, 2023 Elec. Order.)

Pending before the Court are Plaintiff's objections to the R&R and Defendants' response thereto. (See Obj., ECF No. 63; Response, ECF No. 64.) A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Recommended rulings to which no specific timely objection is made, or to which general, conclusory or perfunctory objections are made, are reviewed only for clear error. Bassett v. Elec. Arts, Inc., 93 F. Supp. 3d 95, 100-01 (E.D.N.Y. 2015); Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

Here, Plaintiff's objections are split into two parts. In the first, which Plaintiff designated as a "background" section, Plaintiff merely recounts his version of the underlying incident. (See Obj. 1-4.) The second, titled "relevant case law," is a list of citations to decisions by courts across the country that purportedly address issues of deliberate indifference to medical needs. (Id. at 5-7.) At no point in these general and conclusory objections does Plaintiff object to a specific finding or recommendation made by Judge Locke in the R&R. Therefore, the Court reviews Judge Locke's R&R for clear error.

Upon careful review and consideration, the Court, once again, finds the R&R to be comprehensive, well-reasoned, and free

3

of clear error. Accordingly, the Court RE-ADOPTS the R&R in its entirety, Defendants' motion for summary judgment is GRANTED, Plaintiff's cross-motion to amend the Complaint is DENIED, and the Complaint is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment accordingly and to mark this case CLOSED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith, therefore, in forma pauperis status is DENIED for the purpose of any appeal.

Defendants are directed to serve a copy of this Adoption Order upon Plaintiff forthwith and to file proof of such service on ECF by April 28, 2023.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 27, 2023
    Central Islip, New York

4